IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **UNITED STATES OF AMERICA**, *Plaintiff*, *v.* **CANDRA CLARK**, *Defendant*. | CAUSE NO. 3:22-CR-131-CWR-LGI |

## ORDER

Before the Court are Defendant Candra Clark's motions for acquittal, Docket No. 56, and for a detention hearing and discretionary funding to present a defense, Docket No. 60. Clark has also filed a "Pro Se Brief on Motions," Docket No. 59, which the Court construes as a Memorandum in Support of her earlier motions. The United States opposes each motion. Docket No. 61. Upon review, the Court finds that Clark's motions will be denied.

The facts are familiar at this point. On October 19, 2022, a federal grand jury in the Northern District of Mississippi returned a two-count Indictment against Clark for threatening to murder a United States Magistrate Judge in violation of 18 U.S.C. §§ 115(a)(1)(B) and 875(c). Docket No. 14. According to the Indictment, Clark sent two emails to United States Magistrate Judge Roy Percy in the early morning hours of September 26, 2022. *Id.* In the first email, which provides the basis for the Indictment, Clark wrote:

> Fuck you your wreached looking children ya fucked up looking wife and you biligerant life! You deserve to be thrown into a rock grinder along with he moraless children you have obviously egotistical lashed out at others because your ill equiped to handle. YOU FUCKED UP AND HAVE THE AUDACITY TO BOAST ON MENTAL STABILITY AND ASSISTANCE TO TRY AND FIX YOUR FUCKED UP PROBLEMS!?! YOU DESTROY LIFE AND INNOCENCE IN YOUR IGNORANCE! Tell you what why don't you do your kids a favor and meet me in the center if a cleared out city where i can just end you and the problems you fucking cause!

*Id.* at 2. That message, the Government maintains, constitutes a "threat[] to murder Roy Percy . . . on account of the performance of his official duties." *Ibid.*

But Clark doesn't see it that way. She has filed multiple motions to dismiss her indictment. *See* Docket Nos. 31, 40, 41, and 44. The Court has denied each of those requests. *See* Docket Nos. 32 and 57. Now, with trial set to begin on July 24, 2023, Clark tries her hand once more—this time in the form of a "Motion for Acquittal." Docket No. 56.

Federal Rule of Criminal Procedure 29 outlines the procedure for moving for an acquittal. Subsection (a) specifies that the motion comes "[a]fter the government closes its evidence or after the close of all the evidence." Under the plain language of that Rule, Clark's motion for acquittal is premature. There has been no evidence presented in this case. For that reason alone, her motion is due to be denied.

Clark's motion for a detention hearing and discretionary funding suffers a similar fate. On October 4, 2022, Magistrate Judge David Sanders found by clear and convincing evidence that Clark should be detained until trial. Docket No. 11. He based that determination on the weight of evidence against her, her prior criminal history and probation violations, and her history of violence or use of weapons. *Id.* at 2. Clark has not provided any legal basis for this Court to disturb Judge Sanders' determination.

Clark also argues that the Court should "release [her] from confinement so she may properly prepare [sic] for [her] trial." Docket No. 60 at 1. But, as the Government points out, the Court warned Ms. Clark that she would have to prepare for her trial while incarcerated if she chose to represent herself. *See* Docket No. 61 at 4–5. The Court explained the restrictions that Ms. Clark would have to labor under in that effort and asked if she was sure about her decision to represent herself. Ms. Clark responded in the affirmative at every turn, and the Court granted her request for self-representation. Having made that decision, Ms. Clark cannot now use those restrictions as the basis for her request for release from incarceration.

While the Court will not grant Clark's request for $3,000 to "cover laptop, cell phone, internet, printer, books, pen, paper [and] utilities for 2 months," or provide her with "the house beside the hospital in Pontotoc, MS," the Court reminds Ms. Clark that she has access to standby counsel who can marshal the resources available under the Criminal Justice Act to assist in her defense.

**IV.     Conclusion**

For the foregoing reasons, the motions are **DENIED**.

**SO ORDERED**, this the 7th day of June, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
