# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| v. | **CAUSE NO. 3:22-CR-131-CWR-LGI** |
| **CANDRA CLARK** | **DEFENDANT** |

### ORDER DISMISSING DEFENDANT'S MOTION FOR REVIEW
### OF DETENTION ORDER UNDER 18 U.S.C. § 3145

This matter comes before the Court on the *pro se* pleading of Defendant Candra Clark styled as a writ of *habeas corpus*. The initial pleading was disjointed and lengthy, and Ms. Clark identified her pleading as a request for *habeas corpus* relief.[1] The Court determined then that the best fit appeared to be a writ of *habeas corpus* under 28 U.S.C. § 2241. As a courtesy, the Court provided Ms. Clark with the standard form for seeking *habeas* relief. Ms. Clark completed and returned that form as her amended motion, and the Court filed the amended motion in Ms. Clark's civil matter. *See Clark v. State of Mississippi*, No. 4:23-CV-63-CWR-LGI, Docket No. 10 (N.D. Miss.).

Upon detailed review, however, Ms. Clark's pleading instead appears to be a challenge to the Magistrate Judge's pre-trial detention order pursuant to 18 U.S.C. § 3142 in the instant criminal case.[2] *See* Docket No. 11. Specifically, Ms. Clark argues that her arrest and detention are invalid

---

[1] As Candra Clark is proceeding *pro se* in this case, the Court will construe her pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972) (court must construe *pro se* pleadings liberally).

[2] A petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is not the appropriate vehicle to challenge an order for pretrial detention in a federal criminal case. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988); *see also Williamson v. Driver*, 386 F. App'x 491 (5th Cir. 2010). Instead, 18 U.S.C. § 3145 is the proper statute for such a challenge.

because they were not supported by probable cause.³ Therefore, the Court construes Ms. Clark's instant pleading as a Motion for Review of Detention Order under 18 U.S.C. § 3145. *See* Docket No. 103.

The Court will deny, without prejudice, Ms. Clark's Motion for Review of Detention Order. Because Ms. Clark was convicted on Count I of her Indictment, she is no longer being detained under the Magistrate Judge's pre-trial detention order. *See* Docket No. 11. Instead, she is currently detained pursuant to 18 U.S.C. § 3143, which governs the detention of a defendant pending sentencing. Because Ms. Clark's detention *pending sentencing* now controls, her motion to review her *pre-trial* detention is denied as moot.

## I. Background

Given the complexity of this matter, the Court proceeds by first recounting the facts surrounding Ms. Clark's arrest, detention, and conviction.

### A. Clark's Criminal Acts⁴

On September 26, 2022, two emails were sent to the official government email account of Magistrate Judge Roy Percy from the email address *l\*\*\*\*\*\*\*@gmail.com*. In the email, sent at 1:34 a.m., "Candra Clark" complained about the court releasing medical records and forcing her to participate in a twelve-step program. She then stated:

> Fuck you your wreached looking children ya fucked up looking wife and you biligerant life! You deserve to be thrown into a rock grinder along with he moraless children you have obviously egotistical lashed out at others because your ill

---

³ Ms. Clark raises a panoply of allegations and arguments throughout her lengthy pleadings; however, the gravamen of her motion is her challenge to the legality of her arrest and detention, which the Court addresses in the instant order. To the extent that she raises other claims, they are not properly before the Court as part of her detention challenge, and the Court will not consider them.

⁴ The Court has drawn the facts regarding Candra Clark's criminal acts and the resulting investigation from the affidavit attached to the criminal complaint in this case. *See* Docket No. 1.

equiped to handle. YOU FUCKED UP AND HAVE THE AUDACITY TO BOAST ON MENTAL STABILITY AND ASSISTANCE TO TRY AND FIX YOUR FUCKED UP PROBLEMS!?! YOU DESTROY LIFE AND INNOCENCE IN YOUR IGNORANCE! Tell you what why don't you do your kids a favor and meet me in the center if of cleared out city where I can just end you and the problems you fucking cause!

The email was signed "Candra Clark." Docket No. 1-1.

In the second email, sent at 5:07 a.m., Ms. Clark stated, "No I didn't threatened I stated what is deserved like a lame horse, you abuse your power through neglect and hurt people and yet I am going to see about charging you with treason for you bs." She later stated, "I was clear I want money the return of my child and yes I want them killed for acts of treason to which God may see about taking vengeance with hell."

B.     *U.S. Marshal's Investigation*

On September 26, 2022, Deputy United States Marshal ("DUSM") Joshua McAlister contacted Tippah County Child Protective Services ("CPS") Supervisor Kadie Hall by telephone and inquired about her interactions with Ms. Clark. Hall provided DUSM McAlister a record of Ms. Clark's demographic and biographical information which listed Ms. Clark's phone number as (601) 206-****, and her email address as *l\*\*\*\*\*\*\*@gmail.com*.

That same day, Google responded to a subpoena for the subscriber information related to the email address *l\*\*\*\*\*\*\*@gmail.com*. The subpoena verified that the email address belonged to Candra Clark as well as the account's phone number, (601) 206-**** — the same phone number Hall had on file for Ms. Clark.

As it turns out, Candra Clark had previously pursued a civil suit in Judge Percy's court challenging the conditions of her confinement at the Tippah County Jail under 28 U.S.C. § 2241. *See Clark v. McAllister,* No. 3:21-CV-219-RP (N.D. Miss.). Ms. Clark claimed in that civil suit that

she lost custody of her son to CPS during her confinement at the Tippah County Jail.[5] *Id.*

Law enforcement's investigation revealed that Ms. Clark has a lengthy history of sending threatening letters to CPS and the Tippah County Sheriff's Department. Indeed, the Chancery Court of Tippah County, MS, has issued a permanent injunction against Ms. Clark from having any contact with CPS because of the many threats she has made against its employees' lives.

On September 26, 2022, DUSM McAlister spoke with Investigator Carla Harris of the Tippah County Sheriff's Department regarding Ms. Clark. Investigator Harris stated that Ms. Clark was housed in the Tippah County Jail for about two years. During that time, she was extremely violent and regularly fought with inmates and staff. Investigator Harris cultivated a relationship with Ms. Clark to keep her calm, but even she received Ms. Clark's threatening letters, as well. Investigator Harris maintained a file of Ms. Clark's threatening communications to herself, jail staff, and the Tippah County Courts.

C.  *Clark's Arrest and Interview*[6]

Based upon the facts set forth above, the Court opened a criminal case against Ms. Clark and issued a warrant for her arrest on September 28, 2022. The Court issued the warrant on the charge of sending threatening communications in interstate commerce under 18 U.S.C. § 875(c). Docket Nos. 1, 2. Ms. Clark was arrested without incident on September 30, 2022, and DUSM Upchurch issued *Miranda* warnings to her. Her cellular phone was retained as evidence. Docket No. 103. After receiving her *Miranda* warnings again, she signed a waiver of rights form and

---

[5] Mental illness and the loss of custody of her child seem to be the driving forces behind Ms. Clark's actions, heated pleadings, and correspondence.

[6] The Court has drawn the facts regarding Candra Clark's arrest and interview from the document entitled Draft Report of Investigation—generated by the USMS and attached to her amended Motion for Review of Detention Order. Docket No. 103.

consented to an interview, which was conducted in a USMS vehicle using an audio and video recorder.

When asked what she did to be arrested, Ms. Clark stated that she was arrested for sending two emails to Judge Percy. She said she was prompted to send these emails because her son was illegally taken from her, and she was trafficked around, illegally locked up, unlawfully convicted, and the case was delayed without cause. When asked if she meant what she said in those emails, she responded, "Yes, I did." The DUSM asked her what she meant by, "why don't you do your kids a favor and meet me in the center of a cleared out city where I can just end you and the problems you fucking cause." She replied, "I mean we gonna have it out." She did not, however, know the Judge or where he lived—and had no plans to find details about him. When asked, "But if you could do something to him, would you?" She replied, "More than likely."

Ms. Clark also admitted that, using her phone, she sent Judge Percy two emails from her *l\*\*\*\*\*\*\*@gmail.com* address. The DUSM asked what she meant when she mentioned a lame horse. She responded, "If you can't do your job then you should be put down." When asked who she was referring to, she answered, "A lot of people."[7] Then, when asked if she meant the Judge, she said, "Pretty much."

The DUSM then asked if she meant to act on the things she said, and she responded, "Yes." The DUSM then inquired what her intention was in writing those statements. Ms. Clark said, "I want them killed. But I kinda like to torture them first if I could." She said she had no plans to

---

[7] Ms. Clark attached a document styled a "Criminal Complaint" to her amended Motion for Review of Detention Order. In the document, she named well over 30 people that she claims to have participated in the "illegal kidnapping of her child," stating that she wants them to be prosecuted. Many pages later, she states, "Give me my baby back! Put to death those who have done this, including Roy Percy."

hurt Judge Percy or others, only thoughts. She said she just wanted to get her son back and take care of the people involved. The DUSM asked Ms. Clark what she meant by "take care of," and she responded, "Killed." When asked about previous mental health evaluations, Ms. Clark said she was found not to be mentally unstable, but also said that she was "not fine at all." She stated that she wanted people to die, including Judge Percy, but not if he changes.

D.      *Clark's Pre-Trial and Post-Trial Detention*

On October 3, 2022, the Government orally requested, and the Court granted and ordered Ms. Clark's temporary detention.[8] Docket Nos. 7-8. The temporary detention order then became the controlling authority for Ms. Clark's detention. Thereafter, the Magistrate Judge held a Preliminary Hearing and a Detention Hearing[9] on October 4, 2022. Docket No. 9. At the hearing's conclusion, the Magistrate Judge found: (1) the weight of evidence against Ms. Clark was strong; (2) she has a prior criminal history; (3) she participated in criminal activity while on probation, parole, or supervision; and (4) she had a history of violence or use of weapons. Docket No. 11. Accordingly, the Magistrate Judge found, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably ensure the safety of any other person and the community other than detention. *Id*. The Magistrate Judge thus ordered that Candra Clark be detained pending trial. *Id*. The Magistrate Judge's second detention order became the controlling

---

[8] The Government had moved *ore tenus* for temporary detention under 18 U.S.C. § 3142(d)(1)(A)(iii), which permits detention of a person who is on probation or parole for the purpose of revoking probation or parole. Ms. Clark was on parole for several state offenses at the time of her federal offense. *See United States v. Candra Clark*, No. 1:22-MJ-50-DAS, Docket No. 6 at 5-6.

[9] On the Government's oral motion, the court held a hearing under 18 U.S.C. § 3142(f)(1)(A) to determine whether Ms. Clark should be detained because the charge against her constituted a crime of violence. Docket No. 7 (Docket entry for *ore tenus* motion), Doc. 11 (detention order).

authority to detain Ms. Clark pending trial.[10]

E.   *Clark's Jury Trial*

On October 18, 2022, the Grand Jury handed down a two-count Indictment charging Ms. Clark with: Count I (assault on the family of a federal official), and Count II (sending threats through interstate communications). Docket No. 14. After a mental evaluation, Docket No. 22, and a competency hearing, the Court found Ms. Clark competent to stand trial *see* Docket No. 99 at 59. She was tried by a jury and, on July 26, 2023, found guilty as to Count I of the Indictment and not guilty as to Count II. Docket No. 92.

Count I charged that Ms. Clark "did threaten to murder Roy Percy, Magistrate Judge for the Northern District of Mississippi, with intent to retaliate against Magistrate Judge Percy on account of performance of official duties, in violation of Title 18 United States Code, Section 115." Docket No. 14.

That statute, in turn, reads in relevant part:

**(a)(1)** Whoever—

**(B)** threatens to [] murder, a United States judge [] with intent [] to retaliate against such [judge] on account of the performance of official duties, shall be punished as provided in subsection (b).

18 U.S.C. § 115. This charge involves a "crime of violence," as it "has as an element of the offense the use, attempted use, or *threatened use of physical force against the person or property of another*." Id. § 3156(a)(4) (emphasis added) (setting forth the definition of "crime of violence" as to 18 U.S.C. §§ 3141-3150).

---

[10] The October 4, 2022, detention order was in effect when Clark filed the instant Motion for Review of Detention Order on March 28, 2023. It has been superseded by the July 26, 2023, post-trial order for detention pending sentencing.

- 7 -

After the jury verdict, the Court ordered Ms. Clark detained under 18 U.S.C. § 3143(a)(2), which states, in relevant part:

> **(a)(2)** The judicial officer *shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A) … of subsection (f)(1) of section 3142[11] and is awaiting imposition or execution of sentence be detained unless--
>
> **(A)**
>
>> **(i)** the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>>
>> **(ii)** an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> **(B)** the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143 (emphasis added).

Hence, once Candra Clark was convicted for threatening to murder Judge Percy, the Court was *required* to order her detention pending sentencing (except under circumstances not applicable in this case).[12] In addition, as set forth above, in a prior proceeding the Court had already found, by clear and convincing evidence, that Ms. Clark should be detained because no condition or combination of conditions of release would reasonably ensure the safety of any other person and the community. Docket No. 11. As none of the exceptions of § 3143(a)(2)(A) and (B) applied, on July 26, 2023, the Court ordered Ms. Clark detained pending sentencing, as required

---

[11] Title 18 U.S.C. § 3142(f)(1)(A) includes offenses that are "crime[s] of violence." As set forth above, Clark's crime of conviction was violation of 18 U.S.C. § 115(a)(1)(B), which qualifies as a "crime of violence" because it contains an element of "threatened use of physical force against the person … of another." *See* 18 U.S.C. § 3156(a)(4).

[12] As to the inapplicable circumstances, counsel for the Government did not recommend that the Court impose no sentence of imprisonment; the Court did not find that a motion for acquittal or new trial would be granted, and the Court did not find, by clear and convincing evidence, that Ms. Clark was not likely to flee or pose a danger to others. *See* 18 U.S.C. § 3143(a)(2).

by statute.[13] Ms. Clark is currently detained under the authority of that order.[14]

## II. Discussion

As discussed above, the detention order in effect when Ms. Clark filed the instant motion—the October 4, 2022, pre-trial detention order—was superseded by the Court's July 26, 2023, pre-trial detention order under 18 U.S.C. § 3143. The pre-trial detention order is, thus, moot.

In a separate motion, Ms. Clark challenged her detention pursuant to the Magistrate Judge's pre-trial detention order, *see* Docket No. 60. The Court denied that request, *see* Docket No. 74, and Ms. Clark has not offered additional evidence or argument in the present motion to alter the Court's decision.

As such, Ms. Clark's current challenge to the validity of the Magistrate Judge's pre-trial detention order will be dismissed both as moot and for want of substantive merit. Should Ms. Clark wish to challenge her current post-conviction detention under 18 U.S.C. § 3143(a)(2), she may do so through a direct appeal to the Fifth Circuit Court of Appeals. *See* 18 U.S.C. § 3145(c).[15] The Court, however, reminds Ms. Clark that counsel has been appointed to represent her at her sentencing hearing, *see* Docket No. 96, and before attempting any appeal of the current post-

---

[13] The July 26, 2023, minutes of the trial on the docket show that Ms. Clark was "remanded in the custody of the U.S. Marshal Service."

[14] Ms. Clark's sentencing hearing is currently set for January 12, 2024. Any challenge to her current detention, pending sentencing, will become moot upon entry of final judgment in her criminal case. At that point, authority for her detention will emanate from her criminal judgment, and 18 U.S.C. § 3145 is not the proper vehicle for challenging such a judgment. Instead, to challenge her criminal judgment or sentence, she must seek relief either through a direct appeal—or a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255.

[15] While 18 U.S.C. § 3145(c) has a provision which permits the Court to order the release of a convicted defendant, release is possible only "if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." Given Ms. Clark's long history of threats and violence—and the nature of her current offense—the Court can discern no "exceptional reasons" to order her release pending sentencing, and she has offered none.

conviction detention order, she should discuss with counsel.

### III. Conclusion

For the reasons set forth above, Ms. Clark's Motion for Review of Detention Order, Docket No. 103, is **DENIED AS MOOT** and for want of substantive merit. She may pursue a challenge to her current detention by filing a Notice of Appeal of the Court's detention order, pending sentencing, with the Fifth Circuit Court of Appeals.

**SO ORDERED**, this the 30th day of October, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE