IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                                              CAUSE NO. 3:22-CR-131-CWR-LGI

CANDRA CLARK                                                          DEFENDANT

## ORDER

Before the Court are Candra Clark's Motion/Request for Transcript, Docket No. 104, and *pro se* Motion for Government Funds, Docket No. 105. The Court will deny Ms. Clark's *pro se* motions because they violate the hybrid representation rule.

On October 27, 2023, Ms. Clark filed a motion requesting the transcript of the October 4, 2022, Preliminary Hearing. Docket No. 104. That same day, she filed a *pro se* motion seeking Government funds to subsidize her request. Docket No. 105.

Pursuant to 28 U.S.C. § 1654, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel." "Courts have consistently interpreted this statute as stating a defendant's rights in the disjunctive," so that a "criminal defendant does not have the right [to] a 'hybrid representation,' partly by counsel and partly by himself." *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978). "[U]nless an attorney's actions effectively deny the defendant his sixth amendment right to the assistance of counsel, the defendant is bound by his attorney's decisions during trial." *Id.*

Ms. Clark is represented by counsel and therefore cannot file documents in a *pro se* capacity. *See United States v. Ogbonna*, 184 F.3d 447, 449 n.1 (5th Cir. 1999) ("There is no constitutional right to hybrid representation."); *Smith v. Collins*, 977 F.2d 951, 962 (5th Cir. 1992) (reasoning "pro se briefs 'present nothing to review' when they are filed by a defendant who is

represented by a counsel who has filed a brief on the defendant's behalf"); *United States v. Hughes*, No. 4:07-CR-21-TSL-JCS, 2014 WL 12818161, at *4 n.4 (S.D. Miss. Oct. 9, 2014) ("[T]here is not a constitutional right to have both [self-representation and an attorney] through a 'hybrid representation' scheme."); *Martinez v. Dretke,* 426 F. Supp. 2d 403, 534 (W.D. Tex. 2006) (explaining that if a represented litigant violates the hybrid representation rule by filing a *pro se* motion, the court "may strike such a filing").

The Court therefore **DENIES WITHOUT PREJUDICE** Ms. Clark's *pro se* motions. Docket Nos. 104-05. This Order does not preclude Ms. Clark from requesting transcripts in the future through her counsel of record.

**SO ORDERED**, this the 2nd day of November, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
