IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| *Plaintiff*, | |
| v. | CAUSE NO. 3:22-CR-131-CWR-LGI |
| **CANDRA CLARK**, | |
| *Defendant*. | |

## ORDER

Before the Court are Defendant Candra Clark's *Trial Transcript Request*, Docket No. 113, *Pro Se Motion for Leave to Appeal*, Docket No. 122, and *Pro Se Motion for Leave to Appeal in Forma Pauperis*, Docket No. 124. Upon review, the Court grants Docket Nos. 113 and 124, and finds as moot Docket No. 122.

The Court held a Status Conference/Hearing on February 14, 2024 to clarify whether Ms. Clark intends to proceed *pro se* or have a court-appointed attorney to represent her on appeal. *See Westbrook v. Arizona*, 384 U.S. 150 (1966) (trial courts have a "protecting duty" to determine whether there is an intelligent and competent waiver of counsel by the accused). The Court cautioned Ms. Clark "about the dangers of" proceeding *pro se* on appeal to establish that Ms. Clark knows "what [she] is doing" and that her choice to proceed *pro se* "is made with eyes open." *See United States v. Martin*, 790 F.2d 1215, 1218 (5th Cir. 1986) (citing *Faretta v. California*, 422 U.S. 806, 835 (1975)). The Court reiterated that "[a] criminal defendant has 'no constitutional right to hybrid representation,' partly by counsel and partly by [herself]." *United States v. Agbonifo*, No. 20-20293, 2022 WL 808001, at *5 (5th Cir. Mar. 16,

2022); *see also* 5th Cir. R. 28.6 ("Unless specifically directed by court order, pro se motions, briefs or correspondence will not be filed if the party is represented by counsel.").

After duly informing Ms. Clark of what proceeding *pro se* allows and does not allow on appeal, the Court asked Ms. Clark how she wished to proceed. Ms. Clark intelligently, competently, and voluntarily consented to waive her right to assistance of counsel on appeal. This Court honors Ms. Clark's choice to represent herself "out of that respect for the individual which is the lifeblood of the law." *Faretta*, 422 U.S. at 834; *see also Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (noting "the Constitution does not force a lawyer upon a defendant").

Given Ms. Clark's informed decision to proceed *pro se* on appeal, Ms. Victoria Washington is hereby relieved of her duties as counsel for Ms. Clark. Ms. Washington was substituted as counsel of record to represent Ms. Clark during her sentencing. Docket No. 96. Ms. Washington ably performed her duties. She submitted objections to the Presentence Investigation Report. Docket No. 114. She submitted a sentencing memorandum, *see* Docket No. 116, that was one of the best this Court has reviewed in its 13 years on the bench. And she timely complied with the Court's January 16, 2024 Order to deliver a copy of that Order to Ms. Clark and discuss its contents regarding her right to appeal. Docket No. 118.

Having now been relieved of her duties as counsel for Ms. Clark, Ms. Washington's voucher to receive CJA reimbursement for services rendered is due on the usual schedule.

At the February 14 Status Conference, the Court certified that Ms. Clark's appeal is taken in good faith as it is a direct appeal of her criminal conviction and because she has demonstrated that she will raise a nonfrivolous issue(s) on appeal. *See* 28 U.S.C. § 1915(a)(3); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) ("An investigation into the in forma pauperis

movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown. The inquiry is limited to whether the appeal involves 'legal points arguable on their merits.'").

Ms. Clark further demonstrated that she cannot afford the costs of appeal "without undue hardship or deprivation of the necessities of life." *Winsley v. Fed. Express Corp.*, 393 F. App'x 145, 146 (5th Cir. 2010). She does not have any real property, money, or income. *See* Docket No. 124. Therefore, the Court grants Ms. Clark's *Pro Se Motion for Leave to Appeal in Forma Pauperis* and finds as moot Ms. Clark's *Pro Se Motion for Leave to Appeal*. The Court further grants Ms. Clark's *Trial Transcript Request*. *See* 28 U.S.C. § 753(f). As the Court explained at the Status Conference, the Clerk of Court will ensure that the Fifth Circuit receives a complete copy of the record. That includes all filings and transcripts, including the transcript of the Status Conference/Hearing held on February 14, 2024.

**SO ORDERED**, this the 15th day of February, 2024.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

3